**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JONATHAN AMBIOVIX OGANDO de BERAS,

    Petitioner,

-vs-                                              Case No.  8:13-CV-1708-T-30AEP

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

    Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner's petition for writ of habeas corpus ("petition") (Dkt. 1).  Upon review of the petition, the Court concludes that this action must be dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (A court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."). *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."); *McCants v. Ala.-W. Fla. Conference of United Methodist Church, Inc.*, 372 F. App'x 39, 40 (11th Cir. 2010) (unpublished) (per curiam) (citation omitted) (a court "must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

Petitioner alleges that in 2005, he entered the United States from the Dominican Republic as a lawful permanent resident.  In 2010, he pleaded guilty in the Thirteenth Judicial Circuit Court for Hillsborough County, Florida, to grand theft and burglary.  As a

result of those convictions, Respondent placed Petitioner into custody on July 23, 2010, and initiated removal proceedings. On January 5, 2011, an immigration judge found Petitioner removable, and ordered Petitioner removed from the United States. In May 2011, the Board of Immigration Appeals affirmed the immigration judge's findings (see Dkt. 1-3).

Petitioner, however, initiated post conviction proceedings challenging the 2010 plea-based convictions. On March 18, 2013, the Thirteenth Judicial Circuit Court vacated Petitioner's convictions (see Dkt. 1-3). The State appealed the order vacating the convictions, and the appeal is currently pending in the Florida Second District Court of Appeal.

Petitioner now appears to request an order from this Court staying any attempt by Respondent to remove him from the United States before the conclusion of the appeal of the order vacating the convictions. In support of his request, Petitioner apparently argues that he cannot be deported based upon invalid convictions.

Petitioner essentially challenges his removability from the United States on the ground that the state convictions, upon which the final order of deportation or removal is based, have been invalidated. Therefore, this Court concludes that it lacks jurisdiction to consider the petition because the entire habeas corpus proceeding is within the sole and exclusive jurisdiction of the Eleventh Circuit Court of Appeals, including any motion for a temporary stay of deportation or removal. *See* 8 U.S.C. § 1252 ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in

accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]"); *Mokarram v. United States AG*, 2009 U.S. App. LEXIS 4140, at *7 (11th Cir. Mar. 2, 2009) (unpublished opinion) ("A petition for review with the appropriate court of appeals is the 'sole and exclusive means for judicial review of an order of removal.'") (quoting 8 U.S.C. § 1252(a)(5)).  In sum, Petitioner's request for a stay of removal must be presented to the Eleventh Circuit Court of Appeals.

      Accordingly, the Court **ORDERS** that:

1.      Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without prejudice for lack of jurisdiction.

2.      The Clerk is directed to terminate any pending motions and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 8, 2013.

                                              JAMES S. MOODY, JR.
                                              UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished</u>:
Petitioner *pro se*